Emergency Motion to Enforce
Automatic Stay          Case No 25-14303

1) Debtor emergency motion to enforce 11 U.S.C. 362(a)
2) To compel turnover under 11 USC § 542(a)
3) Sanction Capital One Auto Finance under 11 U.S.C 362(k)
and 4) Shorten time.

## Relief Requested

Debtors moves ex-parte for a order enforcing the automatic stay of the sale of the 2016 Chrysler 300C VIN 2C3CCAKC1GH470821.

Capital One has the car listed for sale and plans to sell the car on 10/24 or 10/25.

FILED
2025 OCT 24 P 1:51
U.S. BANKRUPTCY COURT


Pg 1

## Grounds for Motion

A) The Automatic Stay was immediately effective upon filing under 11 U.S.C. § 362(a), stay any act to obtain possession of property of the estate or to exercise control over property of the estate" as well as any act to collect, assess, or recover a claim arising before the commencement of the case.

B) Capital One Auto Finance (COAF) refusal to honor the stay and continued the sale

1) On October 24, 2025 at approximately 9:57 am Debtor spoke by telephone with representative from COAF regarding the bankruptcy filing and automatic stay protections. The call lasted over a hour.

2) During the call, Debtor was transferred to Lilly (ID# CFN719) who confirmed that CDAF was aware of the bankruptcy filing

3) However, Lilly stated that the sale "will not be stopped" and no automatic stay will be applied

PJ#2

4) COAF [illegible] Tax number to immediately transmit supporting documents, COAF refused to provide any contact information.

5) Despite having recieved actual notice of the bankruptcy filing, COAF continues to proceed with a sale or auction scheduled for 10/24 and 10/25/25 in direct violation of the automatic stay.

Any sale or transfer conducted post petition would be void ab initio and/or avoidable under §549(a) as a unauthorized post-petition transaction. The court has authority under 105(a) to enforce compliance with its order and the provisions of the bankruptcy code.

II Emergency Basis and Irreparable Harm

A sale/auction date is set for 10/24 and 10/25 and irreparable harm is imminent if COAF is not compelled to comply with the automatic stay. Debtor requires the car for essential transportation. Sale would cause substantial hardship and loss estate property

V Conclusion

For this reason stated above, Debtor request that the court

1) Enforce the automatic stay
2) Enjoin COAF from conducting or scheduling any sale or scheduling any auction

Respectfully Submitted

Sam[ghi] W[...]
10/24/25

PG 3

Capital one auto Finance and it's agents are immediately ~~enjoined~~ enjoined from conducting or scheduling or proceeding with any sale action or transfer of the 2016 Chrysler 300 vin 2C3CCAKG16H170831

2) Debtor Request for A order to show cause is granted. A hearing shall be scheduled on Date/Time by the Court

PS 4

Legal Authority Supporting Case law

The United States Supreme Court in United States v Whiting Pools Inc, 462 198 (1983) held that property seized prepetition remains property of the of the of the bankruptcy estate and must be turned over to the debtor under? 8(a); Similarly In re Knaus, 889, F.2d 773 (8th cir) the court held that a creditor's failure to return property seized before the petition date constitutes a violation of the automatic stay. The 9th Circuit In re Del mission Ltd 98 F 1147 reaffirmed that the post petition retention of estate property requires immediate turnover

The Debtor has never had a court order banning the ~~order~~ stay.

pg 5